**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

ANDREW KUYPER, an individual,

      Plaintiff,

v.

360 INVESTOR FUNDING LLC, a Colorado limited liability company,
ADAM RAE, an individual,

      Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

      Plaintiff Andrew Kuyper ("Mr. Kuyper"), through counsel, Lewis Kuhn Swan PC, submits his Complaint and Jury Demand ("Complaint") as follows:

**<u>PARTIES</u>**

      1.      Mr. Kuyper is an individual who resides in the State of Colorado.

      2.      Defendant 360 Investor Funding LLC ("360 Investor Funding") is a limited liability company organized under the law of the State of Colorado with its principal place of business in Colorado Springs, Colorado.

      3.      Defendant Adam Rae ("Mr. Rae") was, at the point of Mr. Kuyper's separation from employment, Mr. Kuyper's direct supervisor and the sole member of 360 Investor Funding. Mr. Rae acted, directly or indirectly, in the interests of 360 Investor Funding as to employees and independent contractors of 360 Investor Funding, exercised day-to-day control of Mr. Kuyper's employment conditions, and was involved in the supervision of and payment to Mr. Kuyper. Upon

information and belief, Mr. Rae resides in the State of Colorado.

4.      360 Investor Funding and Mr. Rae will be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (the "federal claim").

6.      This Court has supplemental jurisdiction for the claims asserted under Colorado state law in that the state law claims are part of the same case and controversy as the federal claim, the federal and state claims derive from a common nucleus of operative facts, the state claims will not substantially dominate over the federal claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

7.      This Court has personal jurisdiction over 360 Investor Funding because, among other things, this action arises out of events that occurred in the State of Colorado.

8.      This Court has personal jurisdiction over Mr. Rae because he is a resident and citizen of Colorado.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein arose and occurred in the District of Colorado.

## GENERAL ALLEGATIONS

10.     360 Investor Funding is one of Mr. Rae's numerous shell businesses. On information and belief, Mr. Rae is the registered agent for at least eight such entities in Colorado.

11.     360 Investor Funding seeks to be "a lending solutions partner for each individual rental investor who desires to acquire more rentals, [sic] and live off of the income." *See*

https://www.enjoyrei.com/home (last accessed May 7, 2019).

12.     Mr. Rae and 360 Investor Funding act as a conduit between those seeking loans and lending entities. Defendants charge potential clients an upfront fee to facilitate the lending process.

13.     Defendants are directly and consistently engaged in interstate commerce by, among other things, regularly making and receiving interstate telephone calls, regularly sending and receiving interstate emails, regularly sending and receiving interstate faxes, and regularly corresponding with entities and individuals outside the State of Colorado.

14.     Beginning in or around December 2018, Defendants employed Mr. Kuyper as its Loan Services Manager. Mr. Kuyper was to be paid $2,500 semimonthly (paid on the first and fifteenth of each month) plus a commission of fifty percent (50%) of specified gross revenue.

15.     Defendants classified Mr. Kuyper as an independent contractor.

16.     An independent contractor agreement executed November 20, 2018 does not contain the mandatory disclosure language as required by Colo. Rev. Stat. § 8-4-202(2)(b)(iv). Because the agreement does not comply with Colo. Rev. Stat. § 8-40-202(a), (b), no rebuttable presumption of an independent contractor relationship exists.

17.     Moreover, an analysis of Mr. Kuyper's actual job duties makes plain he was an employee who was non-exempt from the overtime and minimum wage requirements of the FLSA and Colorado state law.

18.     As a non-exempt employee, Mr. Kuyper was entitled to receive overtime compensation at a rate of not less than one-and-one-half his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. He was also entitled to minimum wages for all other hours: $7.25 federally and, as set out below, $10.20 or $11.10 (depending on the year) under

applicable state law.

19.    Mr. Kuyper frequently worked over forty (40) hours per workweek and often worked more than fifty (50) hours per workweek. Defendants, however, did not keep accurate time records of the time Mr. Kuyper worked.

20.    Mr. Kuyper did not receive the full overtime and minimum wage compensation to which he was entitled.

<u>**FIRST CLAIM FOR RELIEF**</u>
*Fair Labor Standards Act*
*(29 U.S.C. §§ 201 et seq.)*
**Mr. Kuyper against Defendants**

21.    Mr. Kuyper incorporates by reference all preceding paragraphs of this Complaint.

22.    At all times relevant to this Complaint, 360 Investor Funding was an employer within the meaning of the FLSA.

23.    During Mr. Kuyper's tenure with 360 Investor Funding, Mr. Rae was an employer within the meaning of the FLSA. Specifically, Mr. Rae supervised Mr. Kuyper and controlled his pay. Moreover, he exercised day-to-day control of Mr. Kuyper's work duties.

24.    At all times relevant to this Complaint, 360 Investor Funding employed Mr. Kuyper within the meaning of the FLSA.

25.    During Mr. Kuyper's tenure with 360 Investor Funding, Mr. Rae employed Mr. Kuyper within the meaning of the FLSA.

26.    Mr. Kuyper worked over forty (40) hours per workweek during his employment and was thus entitled to overtime compensation at a rate of not less than one-and-one-half his regular rate of pay.

27.    Mr. Kuyper did not receive all minimum wages and overtime compensation to

which he was entitled.

28.     Defendants' violations of the FLSA were not in good faith because, among other things, they were well aware of their legal obligations to pay minimum wage and overtime compensation because they intentionally misclassified Mr. Kuyper as an independent contractor so as to avoid paying him pursuant to applicable law.

29.     Because Defendants' violations of the FLSA were not in good faith, Mr. Kuyper is entitled to liquidated damages.

30.     Defendants failed to make, keep, and preserve records with respect to Mr. Kuyper sufficient to determine the wages, hours, and other conditions and practices of his employment in violation of the FLSA.

31.     The foregoing conduct, as alleged, constitutes willful violations of the FLSA pursuant to 29 U.S.C. § 255(a).

32.     Due to Defendants' FLSA violations, Mr. Kuyper is entitled to recover from Defendants unpaid minimum wages and overtime compensation, actual and liquidated damages, including 360 Investor Funding's share of FICA, FUTA, Colorado unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b) in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
*Colorado Minimum Wage Order/Colorado Wage Payment Act*
*(7 CCR § 1103-1)*
**Mr. Kuyper against 360 Investor Funding**

33.     Mr. Kuyper incorporates by reference all preceding paragraphs of this Complaint.

34.     At all times relevant to this Complaint, 360 Investor Funding employed Mr. Kuyper within the meaning of the Colorado Minimum Wage Order, set forth at 7 CCR § 1103-1, which is

applicable to 360 Investor Funding.

35.     360 Investor Funding willfully violated the Colorado Minimum Wage Order by failing to pay Mr. Kuyper at a rate not less than one-and-one-half his regular rates of pay for each hour he worked in excess of forty (40) per workweek and/or twelve (12) in any one workday.

36.     360 Investor Funding also violated the Colorado Minimum Wage Order by failing to pay Mr. Kuyper minimum wages to which he was entitled.

37.     Due to 360 Investor Funding's Minimum Wage Order violations, Mr. Kuyper is entitled to recover from 360 Investor Funding unpaid overtime compensation, actual damages, including 360 Investor Funding's share of FICA, FUTA, Colorado unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of this action pursuant to the Colorado Minimum Wage Order in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
*Breach of Contract*
**Mr. Kuyper against 360 Investor Funding**

38.     Mr. Kuyper incorporates by reference all preceding paragraphs of this Complaint.

39.     Mr. Kuyper pleads this claim in the alternative to his wage claims, specifically in the event it is found that he was properly classified as an independent contractor.

40.     The terms of Mr. Kuyper's relationship with Defendants constitute a binding contract between Mr. Kuyper and Defendants.

41.     Defendants breached this agreement by, among other things, failing to properly compensate Mr. Kuyper pursuant to the terms thereof.

42.     Mr. Kuyper performed or is excused from performing all his obligations thereunder.

43.     Mr. Kuyper has suffered damages as a result of Defendants' breach of contract in

an amount to be proven at trial for which Defendants are liable.

## FOURTH CLAIM FOR RELIEF
### *Promissory Estoppel*
### Mr. Kuyper against 360 Investor Funding

44.     Mr. Kuyper incorporates by reference all preceding paragraphs of this Complaint.

45.     Mr. Kuyper pleads this claim in the alternative to his wage claims, specifically in the event it is found that he was properly classified as an independent contractor.

46.     Defendants promised to compensate Mr. Kuyper according to the terms of his contractual relationship with Defendants.

47.     Mr. Kuyper reasonably relied on these promises, which were made both orally and in writing, by, among other things, continuing to work for 360 Investor Funding.

48.     Defendants' promises must be enforced to prevent injustice to Mr. Kuyper.

## FIFTH CLAIM FOR RELIEF
### *Unjust Enrichment*
### Mr. Kuyper against 360 Investor Funding

49.     Mr. Kuyper incorporates by reference all preceding paragraphs of this Complaint.

50.     Mr. Kuyper conferred a benefit on Defendants, namely by providing Defendants with hundreds of hours of his (now known to be) underpaid labor.

51.     Allowing Defendants to retain this benefit without proper compensation to Mr. Kuyper would serve to unjustly enrich Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Kuyper prays for the following relief:

1.     Judgment in his favor on his claims for relief;

2.     Nominal, pecuniary, actual, and compensatory damages;

3.      Liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation;

4.      Liquidated and/or punitive damages as a result of Defendants' willful failure to keep and maintain accurate pay records;

5.      Costs and expenses of this action along with attorneys' and experts' fees;

6.      Damages representing 360 Investor Funding's share of FICA, FUTA, Colorado unemployment insurance, and any and all other required employment taxes;

7.      Pre- and post-judgment interest at the maximum rate permitted by applicable law;

8.      A declaratory judgment that the conduct complained of herein is unlawful; and

9.      Any and all such other and further legal and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Kuyper hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted this 8th day of May, 2019.

 */s/ Andrew E. Swan*
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:     (719) 694-3000
Facsimile:     (866) 515-8628
Email:          plewis@lks.law
                 mkuhn@lks.law
                 aswan@lks.law

*Attorneys for Plaintiff*

<u>Plaintiff's Address:</u>
2772 Scotchbroom Point
Colorado Springs, CO 80910